Stephen H. Galloway, OSB No. 093602
stephen.galloway@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IOVATION, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLUE GLOBAL LLC, dba BLUE GLOBAL MEDIA, an Arizona limited liability company,<br><br>Defendant. | Case No.: 3:16-cv-00356-SI<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM**<br><br>DEMAND FOR JURY TRIAL |

## I. REPLY TO COUNTERCLAIM

For its reply to defendant Blue Global LLC's ("Defendant" or "Blue Global") counterclaim, plaintiff iovation, Inc. ("Plaintiff" or "iovation") alleges and states as follows:

### INTRODUCTION

1. In response to paragraph 1, Plaintiff admits that Defendant is an online advertising and technology company. Plaintiff lacks knowledge or information sufficient to

Page 1 - PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM

form a belief as to the truth or falsity of the remaining allegations in paragraph 1 and therefore denies those allegations.

2. In response to paragraph 2, Plaintiff admits that it provides software services to online businesses. Plaintiff further states that is in the business of online fraud and abuse management, providing real-time actionable device reputation intelligence to clients worldwide. Plaintiff denies the remaining allegations in paragraph 2.

3. In response to paragraph 3, Plaintiff admits that it entered into an agreement with Defendant, the terms of which speak for themselves. Plaintiff denies the remaining allegations in paragraph 3.

4. In response to paragraph 4, Plaintiff states that the terms of its agreement with Defendant speak for themselves. Plaintiff denies the remaining allegations in paragraph 4.

5. Plaintiff denies the allegations in paragraph 5.

6. Plaintiff denies the allegations in paragraph 6. Plaintiff further responds that it requested that Defendant place evidence as required by the agreement, and that Defendant use Plaintiff's Multi Domain Recognition, both of which would have increased the effectiveness and accuracy of the software service.

7. In response to paragraph 7, Plaintiff admits that Defendant terminated the agreement. Plaintiff further states that the reason Defendant gave for terminating the agreement "budget cuts," not a material breach. Plaintiff denies the remaining allegations in paragraph 7.

8. In response to paragraph 8, Plaintiff denies that Defendant is entitled to any recovery.

82960353.1 0042529-00004

## JURISDICTION AND VENUE

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits.

10. Paragraph 10 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits.

## PARTIES

12. Plaintiff admits the allegations in paragraph 12.

13. Plaintiff admits the allegations in paragraph 13.

## FACTUAL ALLEGATIONS

14. Plaintiff admits the allegations in paragraph 14.

15. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 and therefore denies those allegations.

16. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 and therefore denies those allegations.

17. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 and therefore denies those allegations.

18. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 and therefore denies those allegations.

19. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 and therefore denies those allegations.

20. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 and therefore denies those allegations.

21. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 and therefore denies those allegations.

22. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 and therefore denies those allegations.

23. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 and therefore denies those allegations.

24. Plaintiff admits the allegations in paragraph 24.

25. In response to paragraph 25, Plaintiff states that the terms of the Agreement speak for themselves.

26. In response to paragraph 26, Plaintiff states that the terms of the Agreement speak for themselves.

27. In response to paragraph 27, Plaintiff states that the terms of the Agreement speak for themselves.

28. In response to paragraph 28, Plaintiff states that the terms of the Agreement speak for themselves.

29. Plaintiff denies the allegations in paragraph 29.

30. Plaintiff denies the allegations in paragraph 30.

31. In response to paragraph 31, Plaintiff admits that the Software and Services returned some results that differed from Defendant's internal systems. Plaintiff further states that Defendant refused to place evidence (as required by the Agreement) and make use of Plaintiff's

Multi Domain Recognition, both of which would increase the efficiency and accuracy of the Software and Services.

32. In response to paragraph 32, Plaintiff states that the contents of all writings from Defendant speak for themselves. Plaintiff denies the remaining allegations in paragraph 32.

33. In response to paragraph 33, Plaintiff states that the contents of all writings to Defendant speak for themselves. Plaintiff denies the remaining allegations in paragraph 33.

34. In response to paragraph 34, Plaintiff states that the contents of all writings to Defendant speak for themselves. Plaintiff further admits that it asked Defendant to place evidence regarding accounts and devices determined to be associated with fraud or abuse, as expressly required by the Agreement, and to integrate Multi Domain Recognition, both of which would have improved performance. Plaintiff denies the remaining allegations in paragraph 34.

35. In response to paragraph 35, Plaintiff admits that Defendant provided notice in May 2015 that it was terminating the Agreement. Plaintiff denies that Defendant had cause for termination or that Plaintiff was given opportunity to cure as required by the Agreement. Plaintiff denies the remaining allegations in paragraph 35.

36. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36 and therefore denies those allegations.

37. Plaintiff denies the allegations in paragraph 37.

## CLAIM FOR RELIEF

38. Plaintiff repeats and incorporates its responses in the preceding paragraphs.

39. Plaintiff admits the allegations in paragraph 39.

40. In response to paragraph 40, Plaintiff states that the terms of the Agreement speak for themselves. The remaining allegations in paragraph 40 state legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies.

41. Plaintiff denies the allegations in paragraph 41.

42. Plaintiff denies the allegations in paragraph 42.

43. Plaintiff denies the allegations in paragraph 43.

44. Plaintiff denies the allegations in paragraph 44.

## II. AFFIRMATIVE DEFENSES

By stating the following defenses, Plaintiff does not allege or admit that it has the burden of proof and/or persuasion with respect to any matter as to which Defendant has such burden. Without prejudice to its statements and denials as set forth herein and elsewhere, Plaintiff states the following defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

45. Defendant's counterclaim is barred, in whole or in part, because Defendant has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (No Damages)

46. Defendant has sustained no damages as a result of Plaintiff's conduct.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel / Waiver)

47. Defendant's counterclaim is barred, in whole or in part, by the doctrines of estoppel and/or waiver.

82960353.1 0042529-00004

## FOURTH AFFIRMATIVE DEFENSE
### (Prior Breach)

48. Plaintiff's obligations to perform under the Agreement were discharged by Defendant's prior material breaches.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

49. Defendant failed to mitigate its damages, if any.

## SIXTH AFFIRMATIVE DEFENSE
### (Limitation of Remedy)

50. The Agreement expressly limits Defendant's remedy to termination.

## SEVENTH AFFIRMATIVE DEFENSE
### (Setoff & Recoupment)

51. Defendant's counterclaim is barred, in whole or in part, by the doctrines of setoff and/or recoupment.

## EIGHTH AFFIRMATIVE DEFENSE
### (Bad Faith)

52. Defendant's damages, if any, resulted from its own failure to perform its obligations under the Agreement in good faith.

## NINTH AFFIRMATIVE DEFENSE
### (Parol Evidence)

53. Defendant's counterclaim is barred by the common law parol evidence rule.

## TENTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

54. Defendant's counterclaim is barred by the statute of frauds because it depends upon a representation that required performance beyond one year and was not reduced to writing.

82960353.1 0042529-00004

## ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Notice)

55. Defendant's counterclaim is barred in whole or in part due to Defendant's failure to provide written notice of Plaintiff's alleged breach as required by the Agreement.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to amend its Reply to Defendant's Counterclaim, and to add additional defenses, counterclaims, cross-claims, and third-party claims.

## III. DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims in this action.

## IV. PRAYER FOR RELIEF

WHEREFORE, having fully answered Defendant's Counterclaim and having asserted affirmative defenses, Plaintiff requests judgment in its favor and against Defendant including the following:

A. That Plaintiff be awarded the relief sought in its Complaint;

B. That Defendant's Counterclaim be denied and dismissed with prejudice;

C. That Defendant take nothing;

D. That Plaintiff be awarded its reasonable attorneys' fees, prevailing party fees, costs and pre- and post-judgment interest; and

E. For such further relief as the Court deems just and equitable.

DATED: March 18, 2016.   STOEL RIVES LLP

*/s/ Stephen H. Galloway*
STEPHEN H. GALLOWAY
OSB No. 093602
Telephone: (503) 224-3380
Attorneys for Plaintiff

82960353.1 0042529-00004

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM** on the following named person(s) on the date indicated below by:

☐ mailing with postage prepaid

☐ hand delivery

☐ facsimile transmission

☐ overnight delivery

☐ email

☒ notice of electronic filing using the CM/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, if by mail, addressed to said person(s) at his or her last-known address(es) indicated below.

Jeffrey M. Rosenfeld
Alison Kwan *Pro Hac Vice*
Kronenberger Rosenfeld, LLP
150 Post Street, Suite 520
San Francisco, CA 94108-4707
email: jeff@krinternetlaw.com
emal: alison@krinternetlaw.com

John Mansfield
MansfieldLaw
121 SW Morrison Ave., Suite 400
Portland, OR 97204
email: john@mansfieldlaw.com

DATED: March 18, 2016.

STOEL RIVES LLP

/s/ Stephen H. Galloway
STEPHEN H. GALLOWAY, OSB NO. 093602
stephen.galloway@stoel.com
Telephone: (503)-224-3380

Page 1 - CERTIFICATE OF SERVICE

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380   Fax (503) 220-2480